IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Nuke Jennings, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 5:21-cv-0312-TMC |
| v. | ) | |
| | ) | **ORDER** |
| York County Detention Center; Catawba | ) | |
| Mental Health; C.O. Mobley; C.O. Sutton; | ) | |
| C.O. Greene; Sgt. M. Hewitt; Lt. L. Henson; | ) | |
| Chief J. Hicks; Nurse A. Cannon; and Ms. | ) | |
| O, Mental Health Worker, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Nuke Jennings ("Plaintiff"), a pretrial detainee proceeding *pro se* and *in forma pauperis,* brought this action pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d),(e) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings. On September 28, 2021, Defendants filed a motion for summary judgment. (ECF No. 62). Plaintiff filed a response in opposition to summary judgment, (ECF No. 66), and Defendants submitted a reply, (ECF No. 67). The magistrate judge issued a Report and Recommendation ("Report"), (ECF No. 72), recommending that the court grant the motion for summary judgment, *id*. at 12. Although Plaintiff was advised of his right to file objections to the Report, *id*. at 13, he failed to do so and the time for objecting has now run.

**I. Background**

Because the Report thoroughly summarizes the pertinent factual allegations, (ECF No. 72 at 1–3), without objection from Plaintiff, the court need not recount the facts at length here.

Briefly, Plaintiff, at his request, was seen by mental health professionals while detained at the York County Detention Center ("YCDC"). (ECF No. 1 at 10). Various correctional officers accompanied him to, and were present during, his mental health evaluations and on occasion asked questions of the therapist. *Id*. Plaintiff also alleges that the correctional officers were also wearing body cameras that were recording the sessions. *Id*. Plaintiff asserts that the presence of the correctional officers during these sessions abridged his constitutionally protected right to privacy. *Id*. Plaintiff asserts a separate violation occurred when Defendant Greene, a correctional officer at YCDC, called Plaintiff "crazy" based on information Greene gleaned in these sessions. *Id*. at 11. Plaintiff contends that this conduct violated not only his constitutional rights but also his rights under the Health Insurance Portability and Accountability Act ("HIPAA"). *Id*. at 7. Plaintiff filed grievances complaining about the presence of officers during his mental health evaluations and requesting that he be permitted to consult with professionals outside of the YCDC without the presence of correctional officers. (ECF No. 1-1 at 1–3). Defendant Cannon replied, denying Plaintiff's grievance and explaining that "[t]he officers have to be present with the mental health security for safety reasons." *Id*. at 1. Defendant Hewitt subsequently upheld this response, reiterating that "[f]or the safety and security of the staff and other Inmates, our State certified Mental Health professional is to be escorted at all times by a Sworn Detention Officer" and that "[e]ven if you were granted an escort to [an outside mental health evaluation], we would have a Transportation Officer present at all times during the appointment" according to "[YCDC] policy and procedure and South Carolina State Minimum Standards." *Id*. at 2.

    To the extent that Plaintiff sued the individual Defendants in their official capacities, the magistrate judge noted that "Eleventh Amendment immunity extends not only to suits against a state per se, but also to suits against agents and instrumentalities of the state" and to "'arms of the

2

State' and state employees acting in their official capacity." (ECF No. 72 at 5). The magistrate judge concluded that, as employees of the YCDC, Defendants are "arms of the state" of South Carolina and are not amenable to suit in their official capacities under § 1983 because the sheriff is an agent of the state in South Carolina and is covered by the state's sovereign immunity from suit. *Id*. at 5–6. Additionally, the magistrate judge determined that Defendants York County Detention Center and Catawba Mental Health are not "persons" amenable to suit under § 1983. *Id*. at 5 n.2.

As to the claims against Defendants in their individual capacities, the magistrate judge concluded that Plaintiff failed to establish a cognizable claim under § 1983, noting that Plaintiff does not have a constitutional right to privacy in medical treatment as an inmate when balanced against the need for safety and security as articulated by YCDC policy. *Id*. at 7–8. With respect to Plaintiff's allegation that Defendant Greene referred to him as "crazy," the magistrate judge noted that, according to Plaintiff's own testimony, "this interaction occurred when [Plaintiff] was in a court holding cell, and he was the last individual standing there after [Greene had directed] other inmates into different cells." *Id*. at 9. The magistrate judge found that such a comment simply failed to rise to the level of a constitutional deprivation. *Id*. Additionally, the Report explains that Plaintiff's HIPAA claims failed as there is not private right of action under HIPAA. *Id*. at 9–10.[1]

Finally, to the extent Plaintiff's complaint could be construed to assert malpractice claims against the Defendants under state law, the magistrate judge determined that Plaintiff failed to satisfy the statutory prerequisites for doing so. *Id*. at 10 (citing S.C. Code Ann. § 15-79-110). To the extent Plaintiff's complaint could be construed as asserting a garden-variety negligence claim against the Defendants under state law, the magistrate judge concluded Plaintiff failed to establish

---

[1] The magistrate judge concluded in the alternative that the individual Defendants were entitled to qualified immunity. (ECF No. 72 at 6–7).

a genuine issue of material fact that would permit a trier of fact to conclude Defendants were negligent. *Id*. at 10–11.

Accordingly, the magistrate judge recommended that the court grant Defendants' motion for summary judgment (ECF No. 62). The court mailed a copy of the Report to Plaintiff at this address he provided the court, (ECF No. 73), and the Report advised Plaintiff of his right to file objections to the Report, (ECF No. 72 at 13). Plaintiff has not filed any objections, however, and the time for doing so has now expired.

## II. Discussion and Conclusion

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). Nevertheless, "[t]he district court is only required to review de novo those portions of the report to which specific objections have been made, and need not conduct de novo review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'" *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. April 26, 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)). The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Additionally, since Plaintiff is proceeding pro se, this court is charged with construing his filings liberally in order to allow for the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (noting that "when confronted with the objection of a pro se litigant, [the court] must also be mindful of [its] responsibility to construe pro se filings liberally"). This does not mean, however, that the court can ignore a pro se party's failure to allege or prove facts that establish a claim currently cognizable in a federal district court. *See Stratton v. Mecklenburg Cty. Dep't of Soc. Servs.*, 521 Fed. App'x 278, 290 (4th Cir. 2013) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985)) (noting that "'district judges are not mind readers,' and the principle of liberal construction does not require them to 'conjure up questions never presented to them or to construct full-blown claims from sentence fragments'").

Having thoroughly reviewed the record and the Report, the court finds no clear error or any other reason to depart from the Report's findings, conclusions or recommendations. Accordingly, the court ADOPTS the Report (ECF No. 72) and incorporates it herein. The court, therefore, **GRANTS** Defendants' motion for summary judgment. (ECF No. 62).[2]

**IT IS SO ORDERED**.

s/Timothy M. Cain<br>United States District Judge

June 23, 2022
Anderson, South Carolina

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[2] Additionally, the court agrees with the magistrate judge's recommendation (ECF No. 72 at 11–12) that the court deny Plaintiff's informal requests for a transcript and for the appointment of counsel in his opposition to summary judgment (ECF No. 66). Accordingly, to the extent Plaintiff moved for appointment of counsel and a transcript in his opposition brief, such motions and/or requests are DENIED.